UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C&G WELDING, INC. | CIVIL ACTION |
| VERSUS | NO. 14-1800 |
| OPI INTERNATIONAL NIGERIA, LTD., OFFSHORE CONTRACTORS, INC. AND JAMES K. COLE | SECTION "L" (2) |

## ORDER & REASONS

Before the Court are Defendant OPI International Nigeria's Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 5) and Offshore Contractors' and James Cole's Motion to Dismiss for Insufficient Service of Process. (Rec. Doc. 22). Having considered the applicable law and the parties' briefs, the Court now issues this Order and Reasons.

**I. Background**

This action arises from a contract dispute between Plaintiff and Defendants for work aboard the vessel GLOBAL IROQUOIS. Plaintiff alleges that it fully performed under the contract, but that Defendants refused to pay the amount required under the contract and owe $234,079. Plaintiff alleges that Defendants told Plaintiff that they would pay for the work with a loan and/or line of credit from the Union Bank of Nigeria. Based on this representation, Plaintiff performed the work under the contract. Plaintiff alleges that despite numerous representations from Defendants, no such line of credit exists. Plaintiff maintains an open account with Defendant Offshore Contractors. Plaintiff claims causes of action for breach of contract and fraud. Plaintiff indicated that it served Defendants via the Louisiana Long-Arm Statute. Plaintiff is a Louisiana corporation, while Defendant OPI is a foreign corporation, Defendant Offshore Contractors is a Texas Corporation, and James Cole is a Texas citizen.

Plaintiff filed suit in state court, and Defendant OPI International Nigeria ("OPI") removed to this Court.

**II. Present Motions**

Defendants filed two motions in this matter. Defendant OPI Nigeria filed a motion to dismiss for lack of personal jurisdiction. Defendant OPI asserts that, as a foreign corporation, insufficient "minimum contacts" exist for personal jurisdiction. Plaintiff responds, alleging that OPI Nigeria has contacts with Louisiana sufficient to exercise specific jurisdiction. It alleges that the GLOBAL IROQUOIS was crewed by employees of OPI Nigeria, that OPI has an interest in the contract as an alter ego of Offshore Contractors, that OPI paid for the transportation of some of the GLOBAL IROQUOIS's crew members to and from Louisiana, and that OPI had control over whether or not Plaintiff would be paid pursuant to the open account. OPI has filed a motion for leave to reply; however, this merely re-asserts that OPI has no contacts in Louisiana based on the discovery that has occurred.[1]

Defendants James Cole and Offshore Contractors filed a motion to dismiss for insufficient service of process. These Defendants allege that, contrary to Plaintiff's assertion, service via commercial courier was insufficient, as the FedEx delivery did not contain separate letters, citations, and petitions for all Defendants, but rather only contained one for OPI. Thus, Defendants James Cole and Offshore Contractors argue insufficient service of process. Plaintiff responds, alleging that the single FedEx delivery contained citations to all three Defendants. Plaintiff supports this assertion with an affidavit of service. James Cole and Offshore Contractors

---

[1] The Court, in its discretion, denies leave to reply as this motion was filed past the deadline. *See* Local Rules 7.2, 7.5.

2

have filed a motion for leave to reply, re-asserting that they did not receive copies of the citation and petition and raising new legal arguments in opposition.[2]

### III. Law and Analysis

#### A. Personal Jurisdiction

Defendant OPI Nigeria alleges that this court lacks personal jurisdiction. A federal court may exercise personal jurisdiction over a foreign defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant, and (2) the exercise of such jurisdiction comports with due process under the United States Constitution. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999). This Court looks to Louisiana's long-arm statute. "The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. Therefore, the inquiry is whether jurisdiction comports with federal constitutional guarantees." *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010) (citing *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008)). Due process in the personal jurisdiction context requires that (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

With regard to the minimum contacts inquiry, a defendant's contacts with a forum may be "general" or "specific." *Cent. Freight Lines, Inc. v. APA Trans. Corp.*, 322 F.3d 376, 380

---

[2] The Court, in its discretion, denies leave to reply as this motion was filed past the deadline. *See* Local Rules 7.2, 7.5. Moreover, the proposed reply brief filed by James Cole and Offshore contractors raises new legal arguments which could have been raised in the initial motion to which the Plaintiff has not had the opportunity to respond. For these reasons, the court will not consider the arguments in this proposed reply brief. *See, e.g.*, *Doe ex rel. Doe v. Beaumont Indep. Sch. Dist.*, 173 F.3d 274, 299 n.3 (5th Cir. 1999).

(5th Cir. 2003) (citing *Alpine View Co. Ltd. v. Altas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000)). A court's inquiry into general jurisdiction is "dispute blind, the sole focus being on whether there are continuous and systematic contacts between the defendant and the forum" sufficient to give the court jurisdiction over a defendant in suits unrelated to its forum activities. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)). In contrast, a specific jurisdiction inquiry requires the court to find that (1) the defendant has purposefully availed itself of the privileges of conducting activities in the forum state; and (2) the litigation results from alleged injuries that arise out of, or relate to, those activities. *See Alpine*, 205 F.3d at 215 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Because the suit in this case arises out of defendant's alleged in-forum activities, a specific jurisdiction analysis is the appropriate inquiry.

"The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a *prima facie* case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). "Proof by a preponderance of the evidence is not required." *Id*. (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)). In resolving personal jurisdiction, the court may review "pleadings, affidavits, interrogatories, depositions, oral testimony, exhibits, any part of the record, and any combination thereof." *Command-Aire Corp. v. Ontario Mech. Sales & Servs., Inc.*, 963 F.2d 90, 95 (5th Cir. 1992) (citing *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985)). However, the Court must take as true the uncontroverted allegations in the complaint and conflicts between the facts contained in the parties' affidavits, if provided, must be resolved in favor of the plaintiff. *See Johnston*, 523 F.3d

at 609 (quoting *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985)).

      Here, the Court is satisfied that Plaintiff has presented prima facie evidence that OPI has sufficient minimum contacts with Louisiana to justify the exercise of specific jurisdiction. Plaintiff's complaint alleges that OPI Nigeria is solidarily liable with the other Defendants on its open account. It further alleges that OPI was responsible for negotiating the line of credit for services performed in Louisiana, and that it assumed responsibility for payment of invoices issued by Plaintiff. Discovery documents indicate that Barge Superintendent John Dingler was, or at least believed himself to be, an employee of OPI Nigeria. (Rec. Doc. 44-7). Similar documentation indicates that Barge Foreman Brandon Lambeck also believed himself to be an employee of OPI Nigeria. (Rec. Doc. 44-6). Additionally, Defendant James Cole acknowledged in his deposition that he is simultaneously the Executive Vice President of OPI Nigeria and President and Director of Offshore Contractors, in addition to holding executive positions in several other related corporations. At this point in the litigation, it is unclear in what capacity he was acting at any given time. Furthermore, Plaintiff states that OPI has an interest in the barge GLOBAL IROQUOIS, the vessel on which Plaintiff performed services while the barge was located within the state.

      Based on these allegations and evidence, the Court is persuaded of a prima facie case for personal jurisdiction. OPI seems to have availed itself of the protection of Louisiana law by having employees here and entering into contracts here. Further, jurisdiction would not offend notions of fair play and substantial justice, as it is reasonable for OPI to expect a lawsuit to enforce obligations incurred in Louisiana. The action unquestionably arises out of OPI's alleged forum activities, as Plaintiff alleges that it was a party to the service contract whose balance

allegedly remains unpaid. Though the Defendant has countered with testimony that it does no business in Louisiana and has no contacts here, the Court finds that, at this juncture, this conflicting evidence must be construed in the light most favorable to the Plaintiff. Further, such arguments are better suited to rebut an assertion of general jurisdiction, while this matter is before the Court on specific jurisdiction grounds. The Court therefore finds that it has specific personal jurisdiction over OPI Nigeria in this matter.

### B. Service of Process

Defendants James Cole and Offshore Contractors allege that they were improperly served. Under the Federal Rules of Civil Procedure, a defendant may be served any one of four acceptable methods: (1) delivery of a copy of the summons and of the complaint to the individual personally; (2) leaving a copy of the summons and complaint with a person of suitable age and discretion found at the individual's dwelling; (3) delivery of a copy to an agent authorized by appointment or by law; or (4) delivery pursuant to the law of the state in which the district court sits. Fed. R. Civ. P. 4. Plaintiff avers that service was made pursuant to Louisiana's long-arm statute. The Court must, therefore, look to the provisions of that statute to determine whether service is effective.

Louisiana's long-arm service provisions allow for service by "commercial courier" when the person to be served is located outside of the state of Louisiana. La. Rev. Stat. § 13:3204. Such service must be actually delivered to the defendant. *Id.* In examining the evidence on the record, the Court is satisfied that service was properly executed by Federal Express pursuant to Louisiana's long-arm provisions. Plaintiff's counsel introduced an affidavit stating that he sent all three separate copies of the petition and citation in a single FedEx envelope. (Rec. Doc. 12). This course of action is reasonable, as all three were being delivered to James Cole—one in his

personal capacity, one in his capacity as an agent for the service of process for Offshore Contractors, and one in his capacity as agent for OPI Nigeria. As noted previously, Mr. Cole is an executive officer in both entities. In his deposition, Mr. Cole acknowledged receipt of a FedEx package and admitted that it was possible that the other copies of the complaint were misplaced. (Rec. Doc. 43-1). Plaintiff also included a copy of the delivery confirmation supplied by the commercial courier. (Rec. Doc. 12). Though the court is mindful of the fact that the burden is on the Plaintiff to prove sufficient service, the evidence on the record is sufficient to support a finding that service complied with Louisiana's long-arm statute. *See Carimi v. Royal Carribean Cruise Lines*, 959 F.2d 1344, 1345 (5th Cir. 1992). The Court is satisfied with Plaintiff's credible evidence, and finds that the Defendants were properly served.

## IV. Conclusion

For the foregoing reasons, **IT IS ORDERED** that OPI International Nigeria's Motion to Dismiss for Lack of Jurisdiction (Rec. Doc. 5) and Offshore Contractors' and James Cole's Motion to Dismiss for Insufficient Service of Process. (Rec. Doc. 22) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motions for Leave to File Reply Brief (Rec. Docs. 45, 46) are **DENIED**.

New Orleans, Louisiana, this 19th day of February, 2015.

*[signature: Eldon E. Fallon]*
UNITED STATES DISTRICT JUDGE